```
         UNITED STATES DISTRICT COURT
          DISTRICT OF MASSACHUSETTS
```

**UNITED STATES OF AMERICA**

      v.                **1:05-cr-10081-MLW-ALL**

**ALEX S. NEWMAN**

### GOVERNMENT'S REQUEST FOR JURY INSTRUCTIONS

The government submits the attached request for jury instructions pursuant to Rule 30 of the Federal Rules of Criminal Procedure, and respectfully requests an opportunity to propose additional instructions as may be required by the evidence presented during the trial of the above captioned case.

                              Respectfully submitted,

                              MICHAEL SULLIVAN
                              United States Attorney


                      By: /s/ Robert M. Kinsella
                          Robert M. Kinsella
                          Special Assistant U.S. Attorney
                          53 Pleasant St., 4th Floor
                          Concord, New Hampshire 03301
                          (603) 225-1552


Dated: December 30, 2005

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 1
### Agency

As a general rule, whatever any person is legally capable of doing himself, he can do through another as his agent. So, if the acts or conduct of an agent, employee or other associate are willfully ordered or directed, or willfully authorized or consented to by the defendant, then the law holds the defendant responsible for such acts or conduct the same as if personally done by him.[1]

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 2
### Indictment – Counts One and Nine

Counts One through Nine of the Indictment allege that from in and around July 1998, to in and around January 2002, the defendant knowingly devised and intended to devise a scheme and artifice to defraud and obtain money from Boston Fitness, by means of false and fraudulent pretenses, representations and promises, in violation of Title 18, United States Code, Section 1343.

Each count relates to a separate financial transaction that, according to the Indictment, involved the use of interstate wire communications.[2]

---

[1] 1 Devitt & Blackmar, <u>Federal Jury Practice and Instructions</u>, §512.07, at 333 (3d ed 1977).

[2] Indictment Counts One through Nine.

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 3
### Elements (18 U.S.C. § 1343)

In order to for you to find the defendant guilty of Wire Fraud, as alleged in Counts One trough Nine, the government must prove the following three elements beyond a reasonable doubt:

**First**, that the defendant engaged in a scheme, substantially as charged in the Indictment, to defraud or to obtain money by false and fraudulent pretenses, representations or promises;

**Second**, that the defendant knowingly and willfully participated in the scheme, with knowledge of its fraudulent nature and with specific intent to defraud; and

**Third**, that the scheme involved the use of interstate wire communications.[3]

---

[3]     See Pattern First Circuit Jury Instruction (Criminal), No. 4.13 (1998); and United States v. Cassiere, 4 F.3d 1006, 1011 (1st Cir. 1993) (describing elements of wire fraud).

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 4
### Explanation of Terms (18 U.S.C. §1343)

#### A. Interstate Wire Communications

An "interstate wire communication" includes any wire communication from one state to another.

To "cause" an interstate wire communication to be performed means to do an act with knowledge that such a wire communication will follow in the ordinary course of business, or to act with knowledge that such wire communication can be reasonably foreseen.

#### B. Scheme to Defraud

A scheme to defraud includes any plan, pattern or course of action. The term "defraud" means to deprive another of something of value, such as money, by means of deception or cheating. A scheme to defraud is ordinarily accompanied by a desire or purpose to bring about some gain or benefit to oneself or some other person, or by a desire or purpose to cause some loss to some other person or entity.

#### C. False or Fraudulent Statement

The term "false or fraudulent statements or pretenses" includes any false statements or assertions that concern a material aspect of the matter in question, that were either known to be untrue when made or made with reckless indifference to their truth, and that were made with intent to defraud. They include actual, direct false statements as well as half-truths and the knowing

concealment of facts.

### D. **Materiality**

A "material" fact is one that has the natural tendency to influence or is capable of influencing the decision maker to whom it is addressed.

### E. **Knowing**

A person acts knowingly when he is conscious and aware of his actions, realizes what he is doing or what is happening around him, and did not act because of ignorance, mistake or accident.

### F. **Willful**

An act or failure to act is "willful" if it is done voluntarily and intentionally, and with specific intent to do something the law forbids, or with specific intent to fail to do something the law requires to be done; that is to say, with bad purpose either to disobey or to disregard the law.

### G. **Intent to Defraud**

To act "with intent to defraud" means to act willfully and with specific intent to deceive or cheat for the purpose of either causing some financial loss to another or bringing about some financial gain to oneself.

Intent and knowledge may not ordinarily be proven directly because there is no way of directly scrutinizing the workings of the human mind. In determining what a defendant knew or intended at a particular time, you may consider any statements made or acts

done or omitted by the defendant and all other facts and circumstances received in evidence that may aid in your determination of the defendant's knowledge or intent.  You may infer, but are certainly not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.  It is entirely up to you, to decide what facts are proven by the evidence received during this trial.

### H. **Conduct in Furtherance of a Scheme**

It is not necessary for the government to prove all of the details alleged in the Indictment concerning the precise nature and purpose of the scheme, that information transmitted by wire was itself false or fraudulent, that the alleged scheme actually succeeded in defrauding anyone, or that use of wire communications facilities in interstate commerce was intended as the specific or exclusive means of accomplishing the alleged fraud.

What must be proven beyond a reasonable doubt is that the defendant knowingly devised or intended to devise a scheme to defraud that was substantially the same as the one that is alleged in the Indictment; and that the use of the wire communications facilities in interstate commerce, on or about the dates alleged, was closely related to the scheme because the defendant either made or caused an interstate or foreign wire communication to be made in

an attempt to execute or carry out the scheme.[4]

### GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 5
### Unanimity Required (18 U.S.C. § 1343)

You will note that the Indictment alleges that the defendant engaged in a scheme to defraud <u>and</u> a scheme to obtain money through the use of false, or fraudulent pretenses, representations or promises.

In seeking to determine whether the defendant has committed the crime of wire fraud, you should first consider whether that defendant engaged in a scheme to defraud. If you unanimously agree that the government has proved beyond a reasonable doubt that the defendant engaged in a scheme to defraud, you do not have to consider whether the defendant engaged in a scheme to obtain money through the use of false and fraudulent pretenses, representations or promises.

If you determine that the government has not proven that the defendant engaged in a scheme to defraud, you must consider whether the government has proven beyond a reasonable doubt that the defendant engaged in a scheme to obtain money through the use of false and fraudulent pretenses, representations or promises.

---

[4] See <u>Pattern First Circuit Jury Instruction (Criminal)</u>, No. 4.12 (1998) (describing elements of mail fraud).

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 6

### Indictment – Counts Ten and Eleven

Counts Ten and Eleven of the Indictment allege that the defendant evading paying federal tax on income he received in 1999 and 2000, in violation 26 U.S.C. §7201.  In this regard, Count Ten alleges, in part:

> From in and around January 1, 1999, to in and around April 15, 2000, in the District of New Hampshire and elsewhere, the defendant,
>
> **ALEX S. NEWMAN**,
>
> willfully attempted to evade and defeat income tax due and owing by him to the United States for the calendar year 1999 by: (a) engaging in affirmative acts to conceal assets and hide income, and (b) filing and causing to be filed with the Director, Internal Revenue Service Center, Andover, Massachusetts, a false and fraudulent U.S. Individual Tax Return, Form 1040, on behalf of himself, wherein it was stated that **NEWMAN'S** taxable income for calendar year 1999 was $28,926.00 and that the amount of tax due and owing thereon was $4,752.00.00 -- when in fact, as the defendant well knew, his taxable income in calendar year 1999 was $139,176.00 and the amount of tax due and owing thereon was $38,370.00, all in violation of

Title 26, United States Code, Section 7201.[5]

Count Eleven similarly alleges:

From in and around January 1, 2000 to in and around April 15, 2001, in the District of New Hampshire and elsewhere, the defendant,

**ALEX S. NEWMAN**,

willfully attempted to evade and defeat income tax due and owing by him to the United States for the calendar year 2000, by: (a) engaging in affirmative acts to conceal assets and hide income, and (b) by filing and causing to be filed with the Director, Internal Revenue Service Center, Atlanta, Georgia, a false and fraudulent U.S. Individual Tax Return, Form 1040, on behalf of himself, wherein it was stated that his taxable income for calendar year 2000 was $48,220.00 and that the amount of tax due and owing thereon was $10,091.00 -- when in fact, as the defendant well knew, his taxable income was $200,864.00 in calendar year 2000 and the amount of tax due and owing thereon was $60,362.00, all in violation of Title 26, United States Code, Section 7201.[6]

---

[5]Indictment Count Two.

[6]Indictment Count Three.

**GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 7**

**Elements (26 U.S.C. § 7201)**

In order to for you to find the defendant guilty of tax evasion, as alleged in Counts Ten and Eleven, the government must prove the following three elements beyond a reasonable doubt:

**First**, that the defendant owed substantially more federal income tax for the years 1999 and 2000 than was indicated as due on his federal income tax return;

**Second**, that the defendant intended to evade or defeat the assessment or payment of this tax; and

**Third**, that he willfully committed an affirmative act in furtherance of this intent.[7]

A person may not be convicted of federal tax evasion on the basis of a willful omission alone; he also must have undertaken an affirmative act of evasion. The affirmative act requirement can be met by filing of a false or fraudulent tax return that substantially understates taxable income or by other affirmative acts of concealment of taxable income such as keeping a double set of books, making false entries or invoices or documents, concealing assets, handling affairs so as to avoid keeping records, and so forth.

As I have instructed you, a defendant acts "willfully" if the

---

[7] See United States v. Hogan, 861 F.2d 312, 316 (1st Cir. 1988).

law imposed a duty on him, he knew of the duty, and he voluntarily and intentionally violated that duty. Thus, if the defendant acted in good faith, he cannot be guilty of this crime. The burden to prove intent, as with all other elements of the crime, rests with the government. This is a subjective standard: what did the defendant honestly believe, not what a reasonable person should have believed. Negligence, even gross negligence, is not enough to meet the "willful" requirement.[8]

---

[8] See Cheek v United States, 498 U.S. 192, 201 (1991) (Willfulness "requires the government to prove that the law imposed a duty on the defendant, the defendant knew of this duty and that he voluntarily and intentionally violated that duty); Hogan, 861 F.2d at 316 and United States v. Aitken, 755 F.2d 188, 191-93 (1st Cir. 1985) (mistake, negligence and gross negligence are not sufficient to meet the willfulness requirement).

**CERTIFICATE OF SERVICE**

I hereby certify that on December 30, 2005, I caused the foregoing to be electronically filed and sent via electronic mail to:

> Juliane Balliro, Esq.
> Perkins, Smith & Cohen
> 1 Beacon St.
> Boston, Massachusetts 02108
> jballiro@WOLFBLOCK.com

> /s/ Robert M. Kinsella
> Robert M. Kinsella
> Special Assistant U.S. Attorney