UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**UNITED STATES OF AMERICA**

       v.                        **1:05-cr-10081-MLW-ALL**

**ALEX S. NEWMAN**

### GOVERNMENT'S OBJECTION TO DEFENDANT'S MOTION IN LIMINE: LOST OR DESTROYED EVIDENCE

The United States submits this to Objection to the Defendant's Motion In Limine: Lost or Destroyed Evidence ("the defendant's motion"), and in support thereof states:

### Background

The wire fraud offenses in this case involve conduct by which the defendant secretly: (a) transferred approximately $125,000 from his employer's (Boston Fitness) bank accounts to his personal bank accounts; and (b) caused money deposited to Boston Fitness' bank accounts to be used to post credits, totaling approximately $155,000, to his personal credit card accounts.

Although there is no direct evidence how the defendant caused the unauthorized transactions to occur, in the government's view, the only way the defendant could have conducted them was by using a computer provided to him by Boston Fitness. The computer and the information stored in it were apparently lost or destroyed sometime after the defendant was fired by Boston Fitness in approximately January 2001.[1]

---

[1] The court should know that the government and the defendant continue to make diligent efforts to find the computer

The defendant does not claim that the government possessed the computer or that the government is aware of the information contained in it. The defendant also does not contend that the government is responsible, in any way, for the computer's loss or destruction. Nevertheless, the defendant asserts that the court should punish the government by excluding any evidence that was "impacted" by the computer's loss or destruction.

**Argument**

It is not possible for the government to provide a meaningful response to the defendant's motion because the defendant has not identified (nor can the government discern) the items of evidence the defendant seeks to suppress. In addition, even if the defendant had identified particular items of evidence that were "impacted" by the computer's loss or destruction, he has failed to provide any legal authority that would justify the court's exclusion of the evidence. See United States v. Fulmer, 108 F.3d 1486, 1495 (1st Cir. 1997) ("It is well settled that issues are deemed waived when 'adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation'") (quoting United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990)). Undoubtedly, this is because the only attenuated legal basis to justify the exclusion of the evidence -- that the government is

---

that was provided to the defendant by Boston Fitness. To simplify matters, the computer and its contents are referred to hereinafter as "the computer."

somehow responsible for the computer's loss or destruction -- is beyond his reach.[2]

### Conclusion

For the foregoing reasons, the defendant's Motion In Limine: Lost or Destroyed Evidence should be denied.

Dated: January 4, 2006

>Respectfully submitted,
>
>MICHAEL SULLIVAN
>United States Attorney
>
>
>By: /s/ Robert M. Kinsella
>Robert M. Kinsella
>Special Assistant United States Attorney
>U.S. Attorney's Office
>District of New Hampshire
>53 Pleasant St., 4th Floor
>Concord, New Hampshire 03301
>(603) 225-1552

---

[2] In this regard, it is relevant to note that when a defendant seeks to suppress lost or destroyed evidence that was formerly in the government's possession he must prove that:

> (1) the government acted in bad faith when it destroyed the evidence, (2) the evidence possessed an apparent exculpatory value before it was destroyed, and (3) the missing evidence is, to some extent, irreplaceable.

United States v. Lewis, 40 F.3d 1325, 1340 (1st Cir. 1994) (citing United States v. Femia, 9 F.3d 990, 993-94 (1st Cir. 1993); California v. Trombetta, 467 U.S. 479, 486 (1984); and Arizona v. Youngblood, 488 U.S. 51, 58 (1988).

**Certificate of Service**

    I hereby certify that on January 6, 2006, I caused the foregoing to be filed electronically and sent via electronic mail to:

Juliane Balliro, Esq.
Wolf, Block, Schorr & Solis-Cohen
1 Boston Place
Boston, Massachusetts 02108
jballiro@WOLFBLOCK.com


/s/ Robert M. Kinsella
**Robert M. Kinsella**
Special Assistant United States Attorney