UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

1:05-cr-10081-MLW-ALL

UNITED STATES OF AMERICA

v.

ALEX S. NEWMAN

**DEFENDANT'S REQUEST FOR JURY INSTRUCTIONS**

The Defendant Alex S. Newman, through counsel, hereby requests, pursuant to Rule 30 of the Federal Rules of Criminal Procedure, that this Honorable Court instruct the jury in accordance with the attached Requests for Jury Instructions.

The Defendant further requests the opportunity to submit additional instructions as may be revealed by ongoing discovery or by the evidence presented during the trial of this case.

                                                Respectfully submitted,
                                                Alex Newman
                                                By his attorney,

                                                /s/ Juliane Balliro_____
                                                Juliane Balliro (BBO#028010)
                                                WolfBlock
                                                One Boston Place
                                                Boston, MA 02108
                                                617-226-4000

Dated: January 6, 2006

BOS:16535.1/new264-229959

## **CERTIFICATE OF SERVICE**

  I hereby certify that, on January 6, 2006, I caused a copy of the foregoing to be filed electronically and via electronic mail to:

**AUSA Robert M. Kinsella**
53 Pleasant St., 4th Floor
Concord, New Hampshire 03301
robert.kinsella@usdoj.gov

          _____/s/ Juliane Balliro___
          Juliane Balliro

**Jury Instruction Request No. 1**

You must find the Defendant not guilty of the crime of wire fraud unless all of you unanimously agree, not only on the scheme allegedly used to defraud, but on the facts you rely on in support of that scheme to defraud. United States v Frazin (1986, CA9 Cal) 780 F2d 1461, cert den (1986) 479 US 839, 93 L Ed 2d 84, 107 S Ct 142 and cert den (1986) 479 US 844, 93 L Ed 2d 98, 107 S Ct 158.

**Jury Instruction Request No. 2**

You cannot find the Defendant guilty of wire fraud unless you conclude, beyond a reasonable doubt, that he acted with an "intent to defraud."  Good faith is an absolute defense to the charges in this case.  Thus, if the defendant believed in good faith that he was acting properly, even if he was mistaken in that belief, and even if others were injured by his conduct, then you must find him not guilty.

The burden of establishing lack of good faith and criminal intent rests upon the prosecution. A defendant is under no burden to prove his good faith**;** rather, the prosecution must prove bad faith or knowledge of falsity beyond a reasonable doubt.  *United States v. Dockray*, 943 F.2d. 152 (1st Cir. R.I. 1991).

## Jury Instruction Request No. 3

## Scheme or artifice

The words "scheme" or "artifice," include any plan or course of action intended to deceive others, and to obtain by false or fraudulent pretenses, representations or promises, money or other property, from the persons so deceived. *United States v. Dockray*, 943 F.2d. 152 (1st Cir. R.I. 1991).

## Jury Instruction Request No. 4

## False or Fraudulent Statement

A statement or representation is false or fraudulent, if known to be untrue, or made with reckless indifference as to the truth or falsity, and made or caused to be made with the intent to deceive. *United States v. Dockray*, 943 F.2d. 152 (1st Cir. R.I. 1991).

## Jury Instruction Request No. 5

## Intent to Defraud

To act with **intent to defraud** means to act knowingly and with the specific intent to deceive, ordinarily for the purpose of either causing some financial loss to another, or bringing about some financial gain to one's self. An act is done knowingly if done voluntarily and intentionally and not because of mistake, or accident, or other innocent reason. *United States v. Dockray*, 943 F.2d. 152 (1st Cir. R.I. 1991).