UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**UNITED STATES OF AMERICA**

      v.                          **1:05-cr-10081-MLW-ALL**

**ALEX S. NEWMAN**

### GOVERNMENT'S OBJECTION TO DEFENDANT'S MOTION FOR ADMISSION OF PRIOR CONVICTION IMPEACHMENT EVIDENCE

The United States files this objection to the defendant's request to use a conviction that occurred more than ten years ago to impeach a government witness, and in support thereof states:

The defendant has been charged with nine separate acts of wire fraud, in violation of 18 U.S.C. §1343. The offenses are alleged to have been committed while the defendant stole more than $280,000 from his (former) employer, Boston Fitness Management Company ("Boston Fitness"). During the defendant's trial, the government will prove that the defendant accomplished the theft of that money by (a) transferring approximately $125,000 that had been deposited to Boston Fitness' bank accounts to three of his personal bank accounts and (b) using money deposited to his employer's bank accounts to post credits totaling approximately $155,00 to his six of personal credit card accounts.[1]

Boston Fitness' (former) Chief-Executive-Office and the defendant's supervisor, Alan Morovitz, is expected to testify for

---

[1] The Indictment also alleges that the defendant willfully evaded paying taxes on the money he stole in 1999 and 2000.

the government that he did not approve or know about the transactions as they were occurring.

The defendant has requested permission to use a 1988 conviction for wire fraud to impeach Morovitz's credibility. The admissibility of that evidence is, of course, determined by Fed. R. Evid. 609(b) which provides, in relevant part:

> Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interest of justice, that the probative value of the conviction supported by specific facts and circumstances substantial outweighs its prejudicial effect.

It is difficult to apply those standards to the defendant's request to impeach Morovitz with a 18-year-old fraud conviction, because the defendant does not explain how the evidence is relevant to the theory of his defense. For example, if the defendant believes Morovitz' testimony is mistaken, as opposed to untruthful, he does not explain how a 18-year-old fraud conviction is relevant to prove that fact. Likewise, the probative value of the conviction on Morovitz's credibility is non-existent if the defendant is contending only that Morovitz is mistaken, not that he should not be believed. The defendant's motion should be denied on that basis.

It is possible that the defendant will seek to use the conviction to prove that Morovitz's testimony is false. Viewed in

that context, it is difficult to understand how an offense that was committed 18 years ago is at all relevant to the credibility of a person who has lived an otherwise law abiding life and has no personal motivation to lie in this case. And the prejudicial effect of using the conviction against the witness substantially outweighs its probative value.

No legal memorandum is necessary.

DATED: April 17, 2006

>Respectfully submitted,
>
>MICHAEL SULLIVAN
>United States Attorney
>
>By: /s/ Robert M. Kinsella
>Robert M. Kinsella
>Special Assistant United States Attorney
>53 Pleasant St. 3rd Floor
>Concord, New Hampshire 03301
>(603) 225-1552

**Certificate of Service**

I hereby certify that I caused the foregoing to be filed electronically and sent, via electronic mail, to:

>Juliane Balliro, Esq.
>Wolf, Block
>One Boston Place
>Boston, MA 02108
>
>/s/ Robert M. Kinsella
>Robert M. Kinsella
>Special Assistant U.S. Attorney